The opinion of the Court was delivered by
Richardson, J.
In order to hold a debtor to bail, the law requires *that a specific sum of money shall be charged to be due to the r^Kgg plaintiff, and the cause of action plainly set forth in the affidavit. *- Sell. Prac. 105-6-7-8-9. 1 Tidd’s Prac. 157. Peck and Hood v. Van Evour, 1 Nott & M’Cord, 581, and cases there referred to. These indispensable requisites have been strictly complied with in the affidavit before us.
Garter and Baker, for the motion. S. D. Miller, contra.
It was argued, that the instrument declared upon, is not a promissory note, and therefore the cause of action is misrepresented in the affidavit. But any mere written promise to pay money unconditionally, is a promissory note, and such is plainly the purport of the instrument declared upon. The acknowledgment, that the consideration was money “ borrowed,” does not alter the character of the eontiaet; and the form of assignment was unobjectionable. The plaintiff was then the assignee of a promissory note.
Again ; it was observed, that there were two instruments of writing declared upon, one a note for $400, and another for $10, endorsed. But I apprehend, that a plaintiff may hold his debtor to bail for one cause of action, and still declare upon that, and another too. Should the verdict be given upon the second cause, the defendant may take advantage of it, whenever sued upon his bond, but not upon motion. In a mere ex parte motion to discharge the bail, it would be dangerous and unjust to make collateral issues, or inquire into possible merits of the case. Upon such a motion, all we can do is to see that the affidavit is strictly correct, and that some count in the declaration is strictly conformable thereto.
It was also said, that, as the affidavit stated the plaintiff to be assignee of a promissory note, inasmuch as there was endorsed a payment of $50 upon the paper containing both notes, there could have been but $350, and not $360, due upon the note referred to in the affidavit, and so the affidavit was erroneous in charging too much by $10, to be due. But two satisfactory answers may be given to this position. 1. The law does not require the affidavit to hold to *bail to be of the exact sum which may be eventually found due, i. e., the verdict cannot alter the regularity of the former proceedings. The receipt, too, is no part of the record, but is the defence set up by the defendant, and we are not to travel out of the record of proceedings made by the plaintiff. The verdict may be, and usually is, something more or less than the sum sworn to; yet the bail is liable to any sum within the amount of his bond. But let us suppose that the affidavit must state exactly the principal sum due, or less; and thatthis Court will regard the receipt as part of the plaintiff’s case. Then, too, the affidavit is strictly correct, under a very rational construction, verified by the verdict itself; the two notes were for $410, i. e., the one for $400, and the other for $10, and a general receipt for $50 is endorsed ; these three are the same paper; now is it not as rational to apply $10 of the payment of $50, first in discharge of the $10, and then $40 in part payment of $400 ? which application of $50 leaves just $360 due, and that, too, upon the note of $400. Surely this is just, and if necessary to the support of the proceedings, may be done justly, and without violence to fair construction or probable intention. Admitting, then, every view taken by the counsel, still the conclusion is that the motion must be discharged.
Johnson, Gantt and Huger, JJ., concurred.
Colcock dissented.