## Case No. 11,955.

### ROBINSON et al. v. HOLT et al.

[Hempst. 426.] [1]

Circuit Court, D. Arkansas. June, 1840.

BAIL—AFFIDAVIT—AMOUNT OF DEBT—CERTAINTY—CAPIAS.

1. An affidavit to hold to bail must state the indebtedness positively, and specify the exact amount due, leaving nothing to inference; otherwise it will be fatally defective, and the order allowing a capias will be vacated.

2. Affidavits to hold to bail must be strictly construed.

[This was an action by David F. Robinson and Henry G. Pratt against William D. Holt and Joseph H. Holt. Heard on motion to vacate order allowing capias.]

F. W. Trapnall and John W. Cocke, for plaintiffs.

A. Fowler and S. D. Blackburn, for defendants.

JOHNSON, District Judge. This is a motion made by the attorney of the defendants, to vacate the order allowing the capias ad respondendum, and to direct the bail bond to be cancelled, and the common appearance of the defendants to be accepted in the action. Rev. St. p. 622, § 24. The affidavit to hold to bail is in the following words: "District of Arkansas, ss. I, F. W. Trapnall, state on oath, and verily believe, that the said Robinson, Pratt & Co., the plaintiffs in the above suit, have a subsisting and unsatisfied cause of action against the said defendants W. D. and J. H. Holt, namely, a promissory note for $644 20/100, dated 26th October, 1838, and due at eight months with all exchange on New York, and that said defendants are about to remove out of the state of Arkansas." The insufficiency of the affidavit is relied upon to sustain the motion, and the only question is, whether the affidavit is sufficient to hold the defendants to bail. The statute of this state on the subject, which is adopted as the rule of practice in this court, provides, "that no order to hold to bail shall be made, unless the court or officer be satisfied by the affidavit of the plaintiff, or some other person for him, that the plaintiff has a subsisting and unsatisfied cause of action against the defendant." Id. p. 620, § 9. "When the amount of the plaintiff's demand is liquidated, the amount must be specified in the affidavit; and in all other cases the facts and circumstances must be stated therein." Id. p. 620, § 10. This affidavit is certainly defective in not specifying the amount of the plaintiff's demand. It is true it is stated that the plaintiffs have a subsisting and unsatisfied cause of action against the defendants, to wit, a promissory note for $644 20/100, dated the 26th October, 1838, and due at eight months; but it is not stated that the whole, nor how much of the note is unsatisfied and unpaid. This may be true, although only a small portion of the

---

note remains unpaid. If one hundred dollars only, or any lesser sum was due on the note, still the affidavit is true, and the plaintiffs have a subsisting and unsatisfied cause of action against the defendants. The affidavit, thus failing to state and specify the exact amount due to the plaintiffs, but leaving it entirely uncertain, is on that account fatally defective, and was insufficient to require the defendants to be held to bail. The affidavit is also defective, in not being positive as to the indebtedness of the defendants. It must expressly state that the defendant is indebted to the plaintiff, without any thing being left to be collected by inference. And if the words be not strictly words of reference, yet if they be of the same tendency, leaving any thing to be collected therefrom, the affidavit will be bad. 1 Sell. Prac. 112, and cases there cited; 3 Term R. 575; 2 Nott & McC. 585. The present affidavit refers to the note of the defendants, which appears to be the basis of the belief of the affiant. In the case of Taylor v. Forbes, 11 East, 315, Lord Ellenborough observed, that "the strictness required in these affidavits is not only to guard defendants against perjury, but also against any misconception of the laws by those who make them, and the leaning of my mind is always to great strictness of construction, where one party is to be deprived of his liberty by the act of another;" and in this sentiment of the chief justice of England, I heartily concur. Motion sustained.